**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **H-W TECHNOLOGY, L.C.,** | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | |
| **PAPA JOHN'S INTERNATIONAL, INC. and PAPA JOHN'S USA, INC.,** | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff H-W Technology, L.C. ("H-W" or "Plaintiff), as and for its Complaint against Papa John's International, Inc. and Papa John's USA, Inc. (collectively "Papa John's" or "Defendants"), demand a trial by jury and allege as follows:

**PARTIES**

1. Plaintiff H-W Technology, L.C. is a Texas limited liability corporation having a principal place of business at 4601 13TH Street, Lubbock, TX 79416.

2. On information and belief, Defendant Papa John's International, Inc. has a principal place of business at 2002 Papa John's Blvd., Louisville, KY 40299-2367. Defendant Papa John's International, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801, as its agent for service of process. Defendant Papa John's regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

3. On information and belief, Defendant Papa John's USA, Inc. has an address of P.O. Box 99900, Louisville, KY 40269-0900. Defendant Papa John's USA, Inc. is registered to do business in Texas and has appointed CT Corporation System, 350 N. St. Paul St., Suite 2900,

Dallas, TX 75201-4234, as its agent for service of process. Defendant Papa John's regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, Defendants have transacted business in this district, and have committed acts of patent infringement in this district, including via their websites.

6. On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because: Defendants have minimum contacts within the State of Texas and the Northern District of Texas, including via their websites, pursuant to due process and/or the Texas Long Arm Statute, Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in the Northern District of Texas; Defendants regularly conduct and solicit business within the State of Texas and within the Northern District of Texas; and H-W's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Northern District of Texas.

7. More specifically, Defendants, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United States, the State of Texas, and the Northern District of Texas. On information and belief, Defendants have committed patent infringement in the State of Texas and in the Northern District of Texas. Defendants solicit customers in the State of Texas and in the Northern District of Texas. Defendants have customers who are residents of the

State of Texas and the Northern District of Texas and who use respective Defendants' products and services in the State of Texas and in the Northern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,525,955

1. H-W is the owner of all rights, title and interest to United States Patent No. 7,525,955 ("the '955 Patent") entitled "Internet Protocol (IP) Phone with Search and Advertising Capability." The '955 Patent was issued on April 28, 2009 after a full and fair examination by the United States Patent and Trademark Office. The application leading to the '955 Patent was filed on March 17, 2005 and benefits from a priority date of March 19, 2004. Attached as Exhibit "A" is a copy of the '955 Patent.

2. The '955 Patent is generally directed to novel, unique and non-obvious systems and methods of using a multi-convergence device, including, which are able to converge voice and data within a single terminal, and which allow users of such devices via domain specific applications to receive information and offers from merchants and to complete a transaction with one of said merchants without having to generate a voice call.

3. On information and belief, Defendants Papa John's International, Inc. and Papa John's USA, Inc. have been and now are infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call. On information and belief, examples of Papa John's products that infringe the '955 Patent include, but are not limited to their Papa John's smartphone domain specific application which allow smartphone users to connect to an Papa John's server, as well as the server or servers that host the Papa John's smartphone domain specific application to allow users to complete a merchant transaction without the need to generate a voice call. Defendants

Papa John's International, Inc. and Papa John's USA, Inc. are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

4. As a result of this Defendants' infringement of the '955 Patent, H-W has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

5. Unless a permanent injunction is issued enjoining these Defendants and its agents, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '955 Patent, H-W will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, H-W respectfully requests that this Court enter:

A. A judgment in favor of H-W that Defendants have infringed the '955 Patent, and that such infringement was willful;

B. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '955 Patent;

C. A judgment and order requiring Defendants to pay H-W its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '955 Patent as provided under 35 U.S.C. § 284;

D. An award to H-W for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to H-W its reasonable attorneys' fees; and

F. Any and all other relief to which H-W may show itself to be entitled.

## **DEMAND FOR JURY TRIAL**

H-W, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

                                              Respectfully Submitted,

Dated:  May 21, 2013                       By:    */s/ Winston O. Huff*
                                                            Winston O. Huff, Attorney in Charge
                                                             State Bar No. 24068745
                                                             Deborah Jagai
                                                             State Bar No. 24048571
                                                             W. O. Huff & Associates, PLLC
                                                             302 Market Street, Suite 450
                                                             Dallas, Texas 75202
                                                             214.749.1220 (Firm)
                                                             469.206.2173 (Facsimile)
                                                             whuff@huffip.com
                                                             djagai@huffip.com

                                                            **ATTORNEYS FOR PLAINTIFF,**
                                                            **H-W TECHNOLOGY L.C.**

## **CERTIFICATE OF FILING**

I hereby certify that on May 21, 2013 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                                                            /s/ *Winston O. Huff*
                                                            Winston O. Huff